IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TROY D. JOHNSON,<br><br>Petitioner,<br><br>vs.<br><br>DAVID BERKEBILE; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 14-76-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Troy D. Johnson's application for writ of habeas corpus under 28 U.S.C. § 2254. Johnson is a state prisoner proceeding pro se.

On December 15, 2014, Johnson filed his Petition (Doc. 1). The petition is time-barred and procedurally defaulted, and a certificate of appealability should be denied.

**I. Background**

Johnson challenges his conviction in Montana's First Judicial District Court for violation of Montana Code Annotated § 45-5-206, Partner Family Member Assault (PFMA). On March 9, 2006, Johnson was sentenced to serve five years for felony PFMA with four years and 11 months suspended. Pet. (Doc. 1) at 2. On

1

April 9, 2012, the state district court revoked his suspended sentence and sentenced Johnson to the Department of Corrections for five years. *See Johnson v. Frink*, No. OP 14-0344 (Mont. June 17, 2014).[1]

More than seven years later, on June 3, 2014, Johnson filed a petition for writ of habeas corpus with the Montana Supreme Court, alleging he was denied Equal Protection under the United States and Montana Constitutions because Montana Code Annotated § 45-2-206 "discriminat[ed] against him by classifying individuals by sexual orientation and treating them differently on the basis of said classification." *Id*. at 1-2. On June 17, 2014, the court denied his argument because a writ of habeas corpus is not available to attack the sentence of a person who has been adjudged guilty of an offense and has failed to appeal or has exhausted the remedy of appeal. *Id*. at 2 (citing Mont. Code Ann. § 46-22-101(2); *Lott v. State of Montana*, 150 P. 3d 337, 338-39, 342 (Mont. 2006)). The court held that habeas is not available to challenge the validity of the statute under which a person was convicted. *Id*. at 2.

Johnson filed his federal habeas petition on December 15, 2014. (Doc. 1) The Petition is both time-barred and procedurally defaulted without excuse.

## II. Claims

In essence, Johnson claims: (1) because he has not been convicted by a court

---

[1] Johnson had been serving a 1998 PFMA sentence together with the sentence on the 2006 matter, and the two were ordered to run consecutively. Thus, the revocation on the 2006 matter was timely. *Johnson*, No. OP 14-0344 n. 1.

of competent jurisdiction he is actually innocent and, therefore, wrongfully imprisoned (*Id.*) at 4-10; (2) he was denied a fair proceeding before an impartial judge in violation of his rights to Due Process and Equal Protection (*Id.*) at 10-11 and 13-14; (3) he was denied Equal Protection when he was convicted under Montana's then PFMA statute (*Id.*) at 11-12; and (4) he was denied effective assistance of counsel because he was not advised of the allegedly defective charging process and impartiality of the trial court. (*Id.*) at 15-16.

### III. Analysis

**A. Federal Statute of Limitations**

A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. 28 U.S.C. § 2244. Johnson identifies no reason to apply one of the other "trigger" dates in 28 U.S.C. § 2244(d)(1), and the Court perceives none. Therefore, Johnson had to file his federal petition within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A). There is nothing in the record to indicate that Johnson timely filed a notice of appeal in state court; thus, his conviction became final 60 days after entry of the written judgment, that is, on May 8, 2006. Mont. R. App. P. 4(5)(b)(i) (2008); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012). Johnson should therefore have filed his federal petition on or before Tuesday, May 8, 2007. He filed his petition in this Court on December 15, 2014, more than seven and one-half years after the applicable statue

3

of limitations had expired.

The federal statute of limitations is tolled while a state prisoner's "properly filed application for State postconviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2). There is no indication that Johnson filed a motion to withdraw his guilty plea or a motion to appeal his sentence. Consequently, no time was tolled under 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

Johnson filed a state habeas petition on June 3, 2014, but the petition was dismissed on June 17, 2014, because state law does not recognize the writ of habeas corpus as a remedy against an allegedly invalid conviction or sentence. Order at 1, *Johnson*, No. OP 14-0344; Mont. Code Ann. § 46-22-101(2). The state habeas petition was not "properly filed" under state law and did not toll the running of time under 28 U.S.C. § 2244(d)(2). Moreover, his state habeas petition was filed seven years after the federal statute of limitations had already expired. Even if the state petition had tolled the running of time, Johnson's federal petition would still be untimely.

Consequently, because Johnson demonstrates no reason to apply equitable tolling, *Holland v. Florida*, 560 U.S. 631, 649 (2010), or to excuse the limitations period altogether, *McQuiggins v. Perkins*, __ U.S. __, 133, S. Ct. 1924, 1928 (2013), the petition is time-barred.

## B. Procedural Default

A federal habeas court generally will not hear claims that have never been fairly presented in state court. As set forth above, Johnson did not raise his claims in the trial court. Johnson submitted his petition for writ of habeas corpus to the Montana Supreme Court on June 17, 2014. His petition was dismissed because, under state law, the writ of habeas corpus is not available to challenge the validity of a conviction or sentence of a person who has been adjudged guilty and has exhausted the remedy of appeal. Mont. Code Ann. § 46-22-101(2). Also, the writ is not available to challenge the validity of a statute under which the person has been convicted. *Johnson*, No. OP 14-0344 at 2. Consequently, all of Johnson's claims are subject to dismissal for procedural default. *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005); *Smith v. Baldwin*, 510 F. 3d 1127, 1139 (9th Cir. 2007) (en banc) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1(1991)).

Johnson may overcome procedural default and obtain review of the merits of his case in one of two ways: he can make an adequate showing of cause and prejudice for his failure to exhaust his state court remedies, *see Stickler v. Greene*, 527 U.S. 263, 282 (1999), or, he may demonstrate actual innocence, *see McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

It appears that Johnson is well aware of his procedural default. While he

5

never mentions the cause and prejudice basis for excusing the default, he does mention several times in his petition that he is "actually innocent" and that his actual innocence serves to excuse operation of procedural bar and qualify him for relief. Pet. (Doc. 1) at 1-2. Johnson's actual innocence argument is essentially that the trial court lacked jurisdiction and impartiality, and thus, it did not have the ability to convict him and, therefore, he is actually innocent. Johnson cites *Schlup v Delo*, 513 U.S. 298 (1995), and *House v. Bell*, 547 U.S. 518 (2006), in support his claim. Johnson appears to confuse actual innocence with legal innocence; his reliance upon these cases is misplaced.

In order to pass through the actual innocence procedural gateway set forth in *Schlup*, Johnson would have to show that, in light of all available evidence, it is more likely than not that no reasonable juror would convict him of the relevant crime. *Schlup,* 513 U.S. at 327. In this case, Johnson pleaded guilty to felony PFMA on the advice of counsel. (Doc. 1) at 2. He does not set forth any dispute with the allegations made against him, he does not deny involvement in the offense, and he does not present any evidence in the form of affidavits or witness statements to support a claim of innocence. (Doc. 1). In short, Johnson has presented no new reliable evidence upon which to base his actual innocence claim; thus, he cannot meet the standard set forth in *Schlup*.

Johnson's entire argument rests upon his disagreement with the way in

6

which criminal cases are charged and processed at the state level.  He contends the district court acted in an unconstitutional manner by engaging in the "indictment by information" process.  Pet. (Doc. 1) at 4.  He argues that because the district court participated in the "indictment by information," it could no longer be impartial in further proceedings.  *Id*. at 9-11.  Johnson contends this created the appearance of bias and mandated recusal of the district court judge from presiding over subsequent proceedings.  *Id*. at 10.  Johnson believes it is precisely this "information by indictment process" that violated his right to due process and, in turn, makes him "actually innocent."

Even if this Court were to agree with the merits of Johnson's argument, which it does not, this Court cannot even consider Johnson's petition unless he can overcome the procedural default.  Johnson has not demonstrated any cause and prejudice to excuse his default.  Likewise, the lengthy argument set out in his petition aimed at the bias he perceives within the state district court is not, in reality, an argument of actual innocence.  Accordingly, this Court cannot consider the merits of Johnson's procedurally defaulted petition.  The petition should be dismissed with prejudice as procedurally defaulted in its entirety.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254

7

Proceedings. A Certificate of Appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists or reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Johnson has not made a substantial showing that he was deprived of a constitutional right. Further, as he failed to present his claim to the Montana Supreme Court, reasonable jurists would find no basis to encourage further proceedings. There are no close questions, and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATIONS

1. Mr. Johnson's petition (Doc. 1) should be **DISMISSED WITH PREJUDICE** as time-barred and procedurally defaulted without excuse.

2. The Clerk of Court should be directed to enter, by separate document, a

judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Johnson may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Johnson must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 30th day of April, 2015.

      /s/ John Johnston
      John Johnston
      United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.