FILED

JUN 11 2015

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TROY D. JOHNSON,<br><br>              Petitioner,<br><br>vs.<br><br>DAVID BERKEBILE; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>              Respondents. | CV 14–76–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered his findings and recommendations on April 30, 2015, recommending dismissal of Petitioner Johnson's petition, pursuant to 28 U.S.C. § 2254, for writ of habeas corpus. Johnson objected to the findings and recommendation on May 18, 2015; the Court will construe his objections as timely and conduct a *de novo* review of the record.

-1-

28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). "Where a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 at *3 (D. Mont. Feb. 21, 2014) (citations omitted). For the reasons listed below, the Court adopts Judge Johnston's findings and recommendations in full.

Judge Johnston recommended dismissing Johnson's habeas petition as time-barred, citing the one-year limitations period for filing a petition contained in 28 U.S.C. § 2244(d)(1). Judge Johnston found, pursuant to 28 U.S.C. § 2244(d)(1)(A), that because Johnson did not appeal his March 9, 2006 conviction on charges of partner or family-member assault ("PFMA"), the one-year period should run from sixty days following the conviction, or May 8, 2006. Thus, the limitations period ran on May 8, 2007, and Johnson untimely filed his habeas petition on December 15, 2014. Judge Johnston further found that none of the other bases for measuring the limitations period enumerated in 28 U.S.C. §

2244(d)(1)(B)-(D) apply in this case, and that neither statutory tolling, pursuant to 28 U.S.C. § 2244(d)(2), nor equitable tolling relieve Johnson of the limitations period.

Judge Johnston also found that, because Johnson failed to raise his claims at the trial court and the Montana Supreme Court dismissed his petition for writ of habeas corpus, his federal habeas claims should be dismissed for procedural default. *See Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007) (en banc) ("If the petitioner fails to present his federal claims to the state's highest court, and if he is procedurally barred from presenting those claims to the appropriate state court at the time of filing his federal habeas petition, the petitioner's claims are considered procedurally defaulted for purposes of federal habeas review.") Furthermore, because he made no mention of any cause or prejudice for failing to exhaust his state remedies and failed to articulate a legitimate actual innocence argument, Judge Johnston found that Johnson failed to overcome the procedural default. *See Id.* at 1139-1140.

In his objections, Johnson largely repeats the same arguments he made in his original petition. However, one point deserves greater attention. Johnson objects to Judge Johnston's finding that he failed to articulate an actual innocence defense, and claims that he is actually innocent because he was convicted under an

unconstitutional state statute. The Montana Legislature amended the PFMA statute, Montana Code Annotated § 45-5-206, in the 2013 session in response to a decision out of the Montana 19th Judicial District Court holding the law unconstitutional.[1] The amendment related to the definition of "partner," and omitted the phrase "with a person of the opposite sex" from the "intimate relationship" prong of the definition. 2013 Montana Laws Ch. 228 (S.B. No. 306). Johnson contends, based on the Montana Supreme Court's decision in *Lott v. State*, 150 P.3d 337 (Mont. 2006), that because the PFMA statute was held unconstitutional, albeit by a state district court as opposed to the Montana Supreme Court, he has been "unlawfully convicted" and is innocent. (Doc. 7 at 7.)

*Lott* involved an as-applied challenge to Montana Code Annotated § 46-22-101(b), which provides that habeas relief "is not available to attack the validity of the conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal." 150 P.3d at 338-339. The defendant in the case received a weapon-related sentence enhancement

---

1. According to testimony related to Senate Bill 306, county prosecutors initiated the amendment to the PFMA statute in response to the criminal defense bar's frequent argument that the statute violated equal protection by singling out heterosexual offenders, yet leaving homosexual offenders unprosecuted. *See Hearing on S.B. 306 Before the S. Comm. on Judiciary*, 63rd Leg., Reg. Sess. (Mont. 2013). By deleting the phrase "with a person of the opposite sex," the bill's sponsor and the county prosecutors suggesting the amendment intended to foreclose that argument. The Court notes that the PFMA statute in its form at the time of Johnson's conviction appears never to have been held unconstitutional by the Montana Supreme Court.

in 1992, which the Montana Supreme Court deemed unconstitutional in two subsequent cases involving other defendants. *Id.* Despite agreeing with the state that the defendant's circumstances satisfied the letter of the procedural bar in § 46-22-101(b), the Montana Supreme Court nevertheless found the bar unconstitutional as applied to the defendant because of the "troubling" consequence of "blocking [him] from seeking habeas corpus relief on his double jeopardy claim [when his] sentence was clearly enhanced beyond constitutional limitations." *Id.* at 342.

Johnson's claims do not rise to the level of the defendant in *Lott,* and his argument, though novel, is unconvincing. First, nothing in the record indicates that the constitutional infirmity recognized by the state court applied to Johnson. *See City of Great Falls v. Morris*, 134 P.3d 692, 695 (Mont. 2006) (courts should "interpret statutes so at to give effect to the legislative will, while avoiding an absurd result") (citations omitted). Johnson's conviction may not have exceeded constitutional limits, but instead may have fallen within the scope of the PFMA statute both before and after its amendment. Second, Johnson does not assert actual innocence, but instead asserts innocence by virtue of erroneous procedure – his conviction pursuant to what he contends was an unconstitutional statute. Such a basis of innocence is generally insufficient to overcome a procedural default.

*See Schlup v. Delo*, 513 U.S. 298, 316 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.") Finally, even if Johnson could overcome the procedural default, his petition is inexcusably time-barred, as outlined above. Because the remainder of Johnson's arguments consist of nothing more than a rehash of those contained in the original petition, the Court finds no clear error in Judge Johnston's findings and recommendations and agrees that Johnson's petition should be dismissed.

Furthermore, given Johnson's failure to make a substantial showing of deprivation of a constitutional right and his clear lack of entitlement to relief from the statutory limitations period, no reasonable jurist could conclude that this action should proceed on the merits or disagree that it is time-barred and procedurally defaulted. Therefore, a certificate of appealability is not warranted.

Accordingly, IT IS ORDERED that Judge Johnston's findings and recommendations (Doc. 6) are ADOPTED IN FULL. Johnson's petition for writ of habeas corpus (Doc. 1) is DISMISSED WITH PREJUDICE. The Clerk of Court shall enter by separate document a judgment of dismissal.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 11th day of June, 2015.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court